OPINION
{¶ 1} Delores Bromm appeals from her conviction in Fairborn Municipal Court of operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1).
 {¶ 2} On the late night of October 2, 2002, Sergeant Rodney Myers of the Fairborn Police Department was dispatched on report of a personal injury accident on Spangler Road in Fairborn. When Myers arrived at the accident scene, fire department personnel were removing Bryan Leary from his car. Leary's car had left the roadway and he had been injured. Also on the scene was the appellant and her son Steven.
 {¶ 3} Delores Bromm informed Sergeant Myers that she had been traveling in front of Leary's car as they had been both coming from Damon's Restaurant in Fairborn. She informed Myers that she saw in her rear view mirror Leary's vehicle leave the roadway and crash. She said she pulled her car over and went to assist Leary and called 911 to obtain medical assistance.
 {¶ 4} Myers said that Bromm smelled of a moderate odor of alcohol and her eyes were watery. Myers said Bromm swayed noticeably from side to side as she stood. (Motion Tr. 8). Myers said he had to tell Bromm several times to stay on the shoulder of the roadway. Myers said he also observed Bromm stumble in stepping onto the roadway a few times. Myers said he asked Bromm if she or Mr. Leary had consumed any alcohol, and she replied that they had dinner and did some drinking. Bromm told Myers she had a couple of drinks. (Tr. 10).
 {¶ 5} Since Myers thought Bromm might leave in her car in an impaired state, he asked her if she would submit to a horizontal gaze nystagmus test and she agreed to do so. Myers said he administered the test and observed six of the six cues for intoxication. Myers testified that research has indicated that persons who exhibit six of the cues have a 77% probability of testing .10 (by weight of alcohol in their blood or breath).
 {¶ 6} Sergeant Myers testified that he then asked Bromm to perform the walk and turn test but Bromm informed Myers she would not be submitting to any additional tests. Myers said he believed Bromm had operated her car under the influence of alcohol and so he arrested her. Myers transported Bromm to the Fairborn jail facility and requested that she submit to a breathalyzer examination but Bromm refused to take that test as well. While filling out the paperwork surrounding the arrest, Myers said he noticed that Bromm's mood switched dramatically back and forth. At one point she insulted Myers and at another she asked him to kiss her. Myers said that mood swings are consistent with a person being under the influence of alcohol. (Tr. 18). On cross-examination, Myers admitted that Bromm's pupils appeared normal and he said he could not recall whether she was missing one shoe. (Tr. 23).
 {¶ 7} Officer William Titley of the Fairborn Police Department testified at the trial that he arrived at the crash scene and made essentially the same observations as Sergeant Myers. He said he observed Myers administer the gaze nystagmus test to Bromm and he observed the same six cues of intoxication that Myers observed. He also opined that Bromm was under the influence of alcohol. Titley also testified he could not recall whether Bromm was missing a shoe.
 {¶ 8} Neither Bromm nor her son testified at either the motion hearing or the trial.
 {¶ 9} In her first assignment of error, Bromm contends the trial court erred when it found that Sergeant Myers had grounds to ask her to submit to field sobriety tests.
 {¶ 10} Bromm admits that she agreed to submit to the gaze nystagmus test and so Sergeant Myers was not required to have articulable suspicion to believe she was impaired before he asked her to submit to the test. It is clear that the defendant knew she had a right to refuse the test because she invoked that right as to the other sobriety tests. A search based on valid consent is reasonable as a matter of law and does not violate the Fourth Amendment. Schnechloth v. Bustamonte (1973), 412 U.S. 218. The first assignment of error is overruled.
 {¶ 11} In her second assignment, Bromm argues that the trial court erred when it found that there was sufficient evidence to arrest her. When an accused refuses to take a breathalyzer, the propriety of the arrest for operating a motor vehicle while under the influence of alcohol is largely irrelevant in the criminal prosecution of the offense. Here, however, the State introduced at trial and the trial court considered Bromm's post-arrest conduct in determining that the State had proven the offense charged. The trial court noted Bromm's mood swings at the police station in finding that under the totality of circumstances, Bromm had been operating her vehicle while under the influence of alcohol. Probable cause exists when a reasonably prudent person would believe that the person to be arrested probably has committed a crime. State v. Timson (1974), 38 Ohio St.2d 122. In this matter, an experienced police officer observed that the defendant exhibited six cues for intoxication on a standard field sobriety test. That evidence alone presented the necessary probable cause for her arrest. The second assignment is also overruled.
 {¶ 12} In her last assignment, Bromm contends the trial court erred when it found the evidence was sufficient to prove guilt beyond a reasonable doubt. She notes that the evidence against her was not strong. She notes that it was reasonable to infer that her watery eyes were the result of her concern for Leary, not the result of intoxication. Secondly, she notes her swaying and stumbling were the result of her missing shoe, not intoxication. She also notes she stepped into the highway several times near the medic vehicle to check on her friend's condition. She also notes that Sergeant Myers said her speech was clear, her pupils were normal, and that her car was parked properly on the shoulder of the road.
 {¶ 13} It is not clear whether appellant contends the evidence presented by the State was insufficient as a matter of law or whether she contends the judgment of the court was against the manifest weight of the evidence.
 {¶ 14} The proper test to apply to a sufficiency of the evidence challenge is set forth in paragraph two of the syllabus of State v. Jenks (1991), 61 Ohio St.3d 259:
 {¶ 15} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 16} We believe a rational trier of fact could conclude from the evidence presented by the State that Bromm operated her car under the influence of alcohol. Bromm admitted to drinking with a friend who failed to control his vehicle and drove off the highway. She smelled of a moderate odor of alcohol, stumbled and swayed at times while talking with Sergeant Myers. She also wandered onto the roadway despite being warned by the officers on several occasions. She exhibited six cues on the horizontal gaze nystagmus test, a high predictor that the subject will fail on a breathalyzer examination measuring prohibited alcohol levels. The trial court was also free to
 {¶ 17} consider Bromm's refusal to take any other sobriety test other than the HGN test as evidence of her guilt. SouthDakota v. Neville (1983), 459 U.S. 553. Lastly, the court was certainly free to credit Sergeant Myers' testimony that in his experience post-arrest mood swings are indicative of an intoxicated condition. We believe that under all the facts presented a reasonable trier of fact could certainly conclude beyond a reasonable doubt that the State had presented sufficient evidence of Brown's guilt.
 {¶ 18} The judgment of the trial court was also not against the manifest weight of the evidence. Pursuant to our constitutional duty to weigh the evidence presented the trial court, we find no evidence the trier of fact lost its way in arriving at the verdict rendered. The third assignment is likewise overruled. The judgment of the trial court is Affirmed.
Fain, P.J., and Wolff, J., concur.